NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY GANTNER,

          Appellant,

  v.

PG&E CORPORATION; PACIFIC GAS &
ELECTRIC COMPANY,

          Appellees.

No.   21-15571

D.C. No. 4:20-cv-02584-HSG

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted January 12, 2022
Submission Withdrawn February 28, 2022
Resubmitted January 23, 2024
Pasadena, California

Before: BOGGS,** OWENS, and FRIEDLAND, Circuit Judges.

Anthony Gantner appeals the dismissal of his putative Class Action

Complaint against Pacific Gas & Electric Company and PG&E Corporation

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(collectively, "PG&E"), filed in the United States Bankruptcy Court for the Northern District of California. Gantner alleges that, as a result of PG&E's negligence in maintaining its electrical equipment, PG&E had to engage in Public Safety Power Shutoffs ("PSPSs") during the 2019 fire season. The bankruptcy court dismissed the Complaint, without leave to amend, holding that the negligence claim against PG&E was preempted by section 1759 of the California Public Utilities Code. The bankruptcy court held, in the alternative, that the Complaint failed to allege a causal connection between PG&E's negligence and Gantner's injury. Gantner appealed the dismissal of his Complaint to the United States District Court for the Northern District of California, which affirmed. This timely appeal followed.

On appeal to our court, PG&E argues that, in addition to the reasons that the bankruptcy court gave for dismissing the Complaint, PG&E's Electrical Rule Number 14 ("Rule 14") shields PG&E from liability for the 2019 PSPSs. We review the grant of a motion to dismiss de novo. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, and we affirm.

We requested, pursuant to California Rule of Court 8.548, that the California Supreme Court answer two questions of state law. *Gantner v. PG&E Corp.*, 26 F.4th 1085, 1087 (9th Cir. 2022). First, we asked whether section 1759 preempts a

2

claim of negligence—like Gantner's—that is brought against a utility when the alleged negligent acts were not specifically approved by the California Public Utilities Commission ("CPUC"), but those acts did foreseeably result in the utility's having to engage in PSPSs, pursuant to CPUC guidelines, which in turn caused the plaintiff's alleged injury. *Id.* Second, we asked whether Rule 14 shields PG&E from liability for an interruption in its services that PG&E determines is necessary for the safety of the public at large, even if the need for that interruption arises from PG&E's own negligence. *Id.*

The California Supreme Court has now held that the answer to the first question is "yes"—that is, it has resolved the section 1759 preemption question in PG&E's favor. *Gantner v. PG&E Corp.*, 538 P.3d 676, 688 (Cal. 2023). In accordance with that decision, we hold that Gantner's negligence claim is preempted by section 1759.

Because the section 1759 preemption issue is dispositive, we need not address whether the Complaint adequately pleaded causation. Similarly, we need not decide the Rule 14 question left open by the California Supreme Court. *Id.* Finally, the bankruptcy court did not err in dismissing Gantner's Complaint without leave to amend, because his "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**AFFIRMED.**[1]

---

[1] Gantner's motion for judicial notice is denied as moot.